UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FRANK SISNEROS,                                        CIVIL NO. 06-3107 (PAM/JSM)

    Petitioner,

v.                                                                 REPORT AND RECOMMENDATION

MARTY ANDERSON,
Warden, FMC-Rocherster,

    Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's Petition for Writ of Habeas Corpus under Title 28 U.S.C. Section 2241[Docket No. 1].  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

## FACTUAL BACKGROUND

Petitioner is a federal prisoner currently incarcerated at the Federal Medical Center, Rochester, Minnesota ("FMC-Rochester").  Petitioner was sentenced by Judge Brimmer in the United States District Court for the District of Wyoming to a 63-month prison term, followed by five years of supervised release for conspiring to possess with the intent to distribute methamphetamine.  See Declaration of Angela Buege ("Buege Decl."), ¶ 3, Attachment A. Petitioner has a projected release date of January 3, 2008, after the application of accrued good time credits.  Id., Attachment A.  Prior to being designated to FMC-Rochester, Petitioner had been incarcerated at Federal Correctional Institution, Waseca, Minnesota ("FCI Waseca"). Id., ¶ 4.

While incarcerated at FCI Waseca, the BOP determined in September of 2004 that

Petitioner was eligible for participation in the residential drug treatment program ("RDAP"), but that he was ineligible for early release consideration under 18 U.S.C. § 3621(e) due to his prior conviction for assault and battery with a deadly weapon. Id., ¶ 4, Attachment B. This offense, which excluded Petitioner from early release eligibility, was listed under the BOP Director's discretion as a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, aggravated assault,[1] or child abuse contained in Program Statement 5330.10. Id., ¶ 4, Attachment C. Specifically, on October 24, 1969, Petitioner pled guilty to Assault and Battery With a Deadly Weapon in the State of Wyoming. Id., ¶ 5.

Nevertheless, Petitioner began his participation in RDAP on October 20, 2004 during his incarceration in FCI Waseca, and successfully completed the program on August 19, 2004. Id., ¶ 7, Attachment E.

## DISCUSSION

This Petition concerns the federal inmate early release program created under 18 U.S.C. § 3621(e) and the BOP's application of regulations making certain categories of inmates ineligible for early release under this program. See 28 C.F.R. § 550.58; Program Statement 5162.04 Categorization of Offenses. In particular, Petitioner asks this Court to find that he is entitled to a reduction in his sentence and to order his immediate release from incarceration because of this reduction. See Memorandum of Law in Support of Petition for Habeas Corpus Pursuant to 28. U.S.C. § 2241 ("Pet.'s Mem.") at pp. 1, 7. In support of this request, Petitioner claims that the BOP abused its statutory discretion in its decision to exclude Petitioner from consideration of early release due to his prior conviction, approximately 37

---

[1] Pursuant to the Uniform Crime Reporting Index (UCR), aggravated assault is defined as an unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury. See Buege Decl., ¶ 4 n. 1.

2

years-ago, for assault and battery with a deadly weapon. In the alternative, Petitioner requests placement in a Residential Re-Entry Center ("RRC") for the final twelve months of his sentence. Id. at p. 4.

Respondent agrees that Petitioner has exhausted his administrative remedies.

### A. Early Release

#### 1. Statutory Authority under 18 U.S.C. § 3621

Petitioner argued that the BOP abused its statutory authority when it denied him a sentence reduction for completion of the RDAP pursuant to 18 U.S.C. § 3621(e)(2)(B). This Court disagrees.

Section 3621(e) offers inmates who are convicted of nonviolent offenses and successfully complete a drug treatment program the opportunity for a sentence reduction as an incentive to participate in treatment. Specifically, 18 U.S.C. § 3621(e)(2)(B) provides:

> The period a prisoner convicted of a non-violent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must serve.

(emphasis added).

To implement § 3621, the BOP promulgated regulation 28 C.F.R. § 550.58 and Program Statement 5162.04, which set forth the eligibility for the early-release incentive. See Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999). Section 550.58 provides in relevant part:

> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

\* \* \*

> (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or <u>aggravated assault</u>, or child sexual abuse offenses;

(emphasis added).

In addition, Section 6.1.1 of Program Statement 5330.10, entitled "EARLY RELEASE QUALIFICATIONS," specifically removes eligibility for early release [i]nmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses; . . ." <u>See</u> Buege Decl., Attachment C, section 6.1.1(a)(1)(iv).

On October 24, 1969, Petitioner pled guilty to assault and battery with a deadly weapon in the State of Wyoming. <u>See</u> Buege Decl., ¶ 5. As stated previously, under the UCR, aggravated assault is defined as an unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury. <u>Id.</u>, ¶ 4 n. 1. Under Wyoming law, assault with a deadly weapon, is a violation of Wyo. Stat. Ann. § 6-2-502(a)(ii), which provides, in relevant part:

> (a) A person is guilty of aggravated assault and battery if he:
>
> \* \* \*
>
> (ii) Attempts to cause, or intentionally or knowingly causes bodily injury to another with a deadly weapon;. . .

<u>Cazier v. State</u>, 148 P.3d 23, 27 (Wyo. 2006) (quoting Wyo. Stat. Ann. § 6-2-502(a)); <u>see also</u> <u>Brightwell v. State</u>, 631 P.2d 1048, 1049 (Wyo. 1981) (finding that the elements of the crime of assault with a deadly weapon in Wyoming are now the unlawful attempt with unlawful intent (maliciously) to commit a violent injury (attempted battery) upon the person of another, with the use of a deadly weapon in that attempt and the apparent ability to accomplish that injury.").

Petitioner's offense related to stabbing his former spouse three times, which resulted in her hospitalization for 12 days. See Buege Decl., Attachment D. Contrary to Petitioner's argument, his previous offense of assault and battery with a deadly weapon falls within the rubric of "Aggravated Assault" as set forth in § 550.58 and the UCR. According to the Eighth Circuit, "[t]he FBI Uniform Crime Reports defined 'aggravated assault' as 'an unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury. This type of assault is usually accompanied by the use of a weapon or by means likely to produce death or great bodily harm.'" See Zacher v. Tippy, 202 F.3d 1039, 1045 (8th Cir. 2000). The Eighth Circuit determined hat a conviction for assault with a deadly weapon or force likely to produce great bodily injury "is on its face the type of conviction described by the Bureau in the original section 550.58 and supporting Program Statement No. 5330.10." Id. Likewise, Petitioner's prior offense of Assault and Battery with a Deadly Weapon under Wyoming law, involving stabbing someone three times, on its face is the type of conviction described by the § 550.58 and supporting Program Statement No. 5330.10, as an aggravated assault.

Further, the Eighth Circuit in Zacher concluded that the under § 3621 the BOP may categorically exclude prisoners from early release based on their past offenses. See Zacher, 202 F.3d at 1045; see also Lopez v. Davis, 531 U.S. 230, 242 (2001) (finding that the Bureau need not blind itself to preconviction conduct when evaluating early release); Thompson v. Outlaw, 138 Fed.Appx. 893, 2005 WL 1653100 at *1(8th Cir. July 15, 2005) (per curium) ("[W]e agree with the district court that the federal Bureau of Prisons (BOP) properly concluded that Thompson was ineligible for early release based on his robbery conviction. . . ."). In addition, this Court finds no merit in Petitioner's argument that the BOP cannot consider his prior offense because it occurred 37 years ago, given that the BOP has "substantial discretion in its decision

5

making," and "broad discretion to grant or deny the one-year reduction" in sentence under § 3621. See Lee v. Eichenlaub, No. 2:06-15545, 2007 WL 1041257 at *2 (E.D. Mich. April 05, 2007) (citations omitted). Therefore, this Court concludes that the BOP's decision not to release Petitioner early, based on his prior conviction for assault and battery with a deadly weapon, was proper.

Finally, even if this Court ignored the BOP's determination that a prior conviction for assault and battery with a deadly weapon precluded an inmate from being eligible for early release by participating in RDAP, the "language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release." Zacher, 202 F.3d at 1041 (citing Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999); see also Lopez, 531 U.S. at 241 ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."); Grove v. Federal Bureau of Prisons, 245 F.3d 743, 746 (8th Cir. 2001) ("Section 3621(e)(2)(B) provides the BOP with *discretionary* authority. . . .") (emphasis in original). Thus, given that there is nothing in 18 U.S.C. § 3621(e)(2)(B) that mandates early release, this Court does not find that BOP violated its statutory authority when it denied Petitioner a sentence reduction for completion of the RDAP pursuant to 18 U.S.C. § 3621(e)(2)(B).

## B. Placement in a Residential Re-Entry Center

Petitioner has asked that Court order the BOP to release him to a halfway house for the final 12 months of his sentence, to the extent that this Court does not order his release based on his completion of the RDAP.

18 U.S.C. § 3624(c) states:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten per centum of the term to be served under conditions that will afford the Prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3621(b) directs the BOP to consider the following factors in determining whether to place an inmate in a RRC the resources of the facility contemplated:

> 1) the resources of the facility contemplated;
> 2) the nature and circumstances of the offense;
> 3) the history and characteristics of the prisoner;
> 4) any statement by the court that imposed the sentence –
>    A. concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>    B. recommending a type of penal or corrections facility as appropriate; and
> 5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

The BOP has stated that it conducting the RRC determination consistent with these factors and Program Statement 7310.04.[2] .

This Court rejects Petitioner's contention that under Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004) and Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006)[3] he is entitled to an transfer to a

---

[2] Program Statement 7310.04 directs the BOP to make RRC recommendations "based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly." Attachment D to Petitioner's Response (Program Statement 7310.04) at 7. Further, it states that a number of factors must be weighed in determining the length of RRC placement including, "their individual needs and existing community resources". Id. In addition, the Statement provides that the BOP "may place an inmate in a [RRC] for more than the 'last ten per centum of the term,' or more than six months if appropriate." Id. at 4. It also states that although placement beyond 180 days is highly unusual, it is possible with 'extraordinary justification'". Id. at 8. The final preparation plan, including the decision as to the RRC referral, is usually made 11 to 13 months before the inmate's projected release date. Id. at 7.

[3] In Fults the Eighth Circuit held that the BOP may not categorically determine the amount of time that a prisoner will be allowed to spend in community confinement, but in order to

halfway house twelve months before his scheduled release date. No authority to which the Court has been alerted requires the BOP to conduct a RRC eligibility review or immediately transfer a prisoner to a RRC on demand by the prisoner. To the contrary, this Court finds, as have other courts in this district, that no inmate is entitled to a RRC review every time he requests such an evaluation. See McFadden v. Morrison, Civil No. 06-1106 (MJD/JSM), 2006 WL 2583417 at *3 (D. Minn. Sept. 06, 2006) (citations omitted); Carter v. Federal Bureau of Prisons, No. CIV. 06-1183 DSD/AJB, 2006 WL 1791275 at *3 (D. Minn., June 27, 2006); Fisher v. Morrison, Civil No. 06-1439 (PAM/AJB), 2006 WL 1716135 at *2 (D. Minn., June 20, 2006).

In addition, the Elwood decision, upon which Petitioner relies, does not give prisoners the right to a RRC evaluation or transfer at any time during their incarceration. Rather, the Eighth Circuit found that the BOP has discretion to transfer prisoners at any time during their incarceration, but only has the duty to consider a transfer to a RRC in the last six months of a sentence. Elwood, 386 F.3d at 847 (concluding that the BOP's duty to place prisoners in conditions that will prepare the prisoner for re-entry into the community "shall not extend beyond the last six months of the prisoner's sentence"); see also 18 U.S.C. § 3624(c); Rennicke v. Sanders, No. 2:06CV00096 JLH, 2006 WL 1817089 at *2 (E.D. Ark. June 30, 2006), (finding that "[a]t no point in the Fults litigation has any court directed the BOP to transfer a specific inmate to an RRC. All Petitioner is entitled to under Fults is consideration for such a transfer in accordance with the procedures outlined in P.S. 7310.04.").

For all of these reasons, the Court finds that the Petition should be denied to the extent Petitioner seeks transfer to a RRC twelve months prior to his date for release. Further,

---

comply with 28 U.S.C. § 3621(b), must instead exercise its discretion on a case-by-case basis

Petitioner has not asserted nor provided this Court with any evidence that the BOP has not yet determined whether he is entitled to placement in a RRC, in compliance with the timeframe set forth in Program Statement 7310.04 of 11 to 13 months before his projected release date of January 3, 2008. In fact, this Court believes that Petitioner's request for transfer to an RRC may presently be moot as it appears that he is presently in the custody of the Salt Lake City Community Corrections Management Office. See http://www.bop.gov/iloc2/LocateInmate.jsp.

In sum, for the reasons stated above, this Court recommends that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, as it relates to the BOP's refusal to give him early release for participation in RDAP or for placement into a RRC, be dismissed.

## **RECOMMENDATION**

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus under Title 28 U.S.C. Section 2241 [Docket No. 1] be **DENIED**; and

2. This matter be dismissed with prejudice.

Dated: October 9, 2007

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 26, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and

---

and consider the particular circumstances of the individual prisoner.

Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.